UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH B. RAINEY,

                    Plaintiff,

          -against-

PARKCHESTER CONDOMINIUMS, INC.;
PARKCHESTER POLICE DEPARTMENT,

                    Defendants.

25-CV-1228 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, who is incarcerated at Clinton Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP"). By Order dated October 10, 2025, the Court dismissed Plaintiff's amended complaint but granted him leave to replead to address the deficiencies. (ECF No. 10.) Plaintiff filed a second amended complaint on December 11, 2025, and the Court has reviewed it. For the reasons set forth below, the action is dismissed.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true-- but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678-79..  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the second amended complaint.[1]  Plaintiff Kenneth Rainey alleges that "video cameras . . . are everywhere on the property of Parkchester North Condominiums, in the vestibules, lobb[ies], elevators, and the outside of every bldg from every angle."  (ECF 11 at 4.)  On May 6, 2024, Plaintiff rode the elevator to his apartment in Parkchester North Condominiums, located at 1722 Purdy Street in Bronx County.  Plaintiff

---

[1] The Court quotes from the second amended complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

spoke his private thoughts out loud while alone in the building elevator, and his statements to himself were recorded by the video cameras.

There were no posted notices that video cameras in the common areas had audio recording.  Plaintiff first learned that the building video cameras recorded audio when the prosecutor played the recording at Plaintiff's arraignment in the Supreme Court on charges of attempted murder.  Upon hearing the recording, "the whole courtroom shook in utter disbelief." (*Id.* at 5.)  During subsequent court appearances, the judge repeatedly referenced the elevator recording and displayed bias against Plaintiff.  (*Id*. at 10.)

Plaintiff alleges that the audio recording by Parkchester North Condominiums "is the grossest violation of civil rights" and that there was "no warr[a]nt for May 6, 2024 or any other day." (*Id.* at 10.)

The District Attorney subpoenaed the Parkchester Police Department for video.  (*Id*. at 11.)  The video that the Parkchester Police Department provided in response to the subpoena included audio recording.  (*Id*.)  Plaintiff contends that there was no warrant authorizing the Parkchester North Condominiums or the Parkchester Police Department to capture audio recording in the elevator and that he had not consented to such recording.  Plaintiff argues that because his  statement was admitted in his criminal proceedings, through the audio recording, he was pressured to accept a guilty plea.  (*Id*.)He contends that "[t]he law allows for video only." (*Id.* at 5.)

Plaintiff brings this action against Parkchester North Condominiums and the Parkchester Police Department.  Plaintiff asserts violations of the Fourth Amendment to the United States Constitution, as well as violations of 18 U.S.C. §§ 2511, 2518, prohibiting unlawful interception

3

and disclosure of oral communications.  Plaintiff alleges that he was "attacked twice on Rikers

Island," and he seeks $20 million in damages. [2]  (*Id.* at 5.)

### DISCUSSION

**A.      Fourth Amendment violations**

The Fourth Amendment protects against "unreasonable searches and seizures."  U.S.

Const. amend. IV.  Not all law enforcement surveillance qualifies as a search within the meaning

of the Fourth Amendment.  "[A] Fourth Amendment search occurs only if the target had a

"'reasonable expectation of privacy' in the area searched."  *United States v. Harry*, 130 F.4th

342, 347 (2d Cir. 2025) (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J.,

*concurring*)).  Whether there is a reasonable expectation of privacy is defined by a two-part test:

"[F]irst, has the individual manifested a subjective expectation of privacy in the object of the

challenged search?  Second, is society willing to recognize that expectation as reasonable?"

*United States v. McKenzie*, 13 F.4th 223, 232 (2d Cir. 2021); *see United States v. Bedell*, 311 F.

App'x 461, 463 (2d Cir. 2009) ("[I]n order to claim the protection of the Fourth Amendment, a

[party] must demonstrate that he personally has an expectation of privacy in the place searched,

and that his expectation is reasonable." (quoting *Minnesota v. Carter*, 525 U.S. 83, 88 (1998))).

The Second Circuit has not adopted "a categorical rule regarding shared spaces in multi-

unit buildings."  *United States v. Lewis*, 62 F.4th 733, 742 (2d Cir. 2023).  The appropriate level

of Fourth Amendment protection turns not on the label applied to a dwelling but rather on "what

reasonable expectations of privacy tenants have in common areas," and courts thus must

---

[2] Plaintiff does not name any defendant in connection with the Rikers Island assaults, and
the Court does not understand him to be attempting to join that matter in this suit regarding the
allegedly unlawful video recording.

"undertake individualized inquiries into the facts of such cases."[3]  *Bedell,* 311 F. App'x at 463; *see United States v. Jones*, 893 F.3d 66, 72 (2d Cir. 2018) ("Jones had no legitimate expectation of privacy in the rear parking lot," which was a shared driveway of tenants in two multi-family buildings"); *United States v. Holland*, 755 F.2d 253, 255 (2d Cir. 1985) (explaining that courts have recognized a "common-sense distinction between places of abode, such as apartments, and common hallways").  Areas that are open to the public generally are not areas where an expectation of privacy is recognized as reasonable.  *United States v. Lace*, 669 F.2d 46, 50 (2d Cir. 1982) (holding that individuals "generally do not have a legitimate expectation of privacy in open and accessible areas that the public is prepared to recognize as reasonable").

Here, Plaintiff alleges that he was aware of video cameras that were visible throughout the common spaces of the Parkchester North Condominiums.  In his words, this surveillance was "there for the protection of the tenants and the[ir] visitors, the shopkeepers, the workers, and the property."  (ECF 11 at 5.)

Courts have found no objectively reasonable expectation of privacy where a plaintiff was aware of the probability of surveillance and merely underestimated the technological resources available for eavesdropping.  *See, e.g.*, *United States v. Willoughby*, 860 F.2d 15, 23 (2d Cir. 1988) ("Mistaking the degree of intrusion of which probable eavesdroppers are capable is not at all the same thing as believing there are no eavesdroppers." (quoting *United States v. Harrelson*, 754 F.2d 1153, 1170 (5th Cir. 1985)).  The facts alleged in the amended complaint give no indication that there was a reasonable expectation of privacy in the shared common elevator.

---

[3] In *Lewis*, for example, the court did not find a reasonable expectation of privacy in the common porch in a triplex building where the litigant's arguments—that all the other residents were his family members, that it was inaccessible to visitors of the triplex, and arguments based on the proximity of the porch to his living area and the steps he took to maintain his privacy while using it—had not been raised in the trial court.  *Lewis*, 62 F.4th at 741.

Plaintiff's allegations that Parkchester North Condominiums, Inc., provided video with audio of his statements—which had been made in a multiunit complex's shared common elevator with visible security cameras intended for general tenant and public security—to the Parkchester Police Department pursuant to a subpoena, do not state a claim for a violation of his rights under the Fourth Amendment.

## B.    Federal Statutory claims

As explained in the Court's October 10, 2025, Order, the Electronic Communications Privacy Act, which amends and supplements Title III of the Omnibus Crime Control and Safe Street Act of 1968, 18 U.S.C. § 2510 *et seq.*, provides a private right of action in a civil suit for injured parties whose oral communications are intercepted. *See Modelle v. Fauro*, No. 08-CV-1042, 2010 WL 624023, at *6 (N.D.N.Y. Feb. 18, 2010) (noting that the Act "authorizes a private right of action for any person whose wire, oral, or electronic communication is intercepted in violation of the Act"); *see also Huff v. Spaw*, 794 F.3d 543, 548 (6th Cir. 2015) ("Title III provides injured parties with a private right of action against violators."); *Lonegan v. Hasty*, 436 F. Supp. 2d 419, 427 (E.D.N.Y. 2006) ("The procedures for recovering civil damages are set forth in 18 U.S.C. § 2520.").

The Act generally makes it unlawful to "intentionally intercept[ ]. . . any . . . oral . . . communication." 18 U.S.C. § 2511(1)(a). Not all conversations, however, are protected by Title III. *See Huff*, 794 F.3d at 548 ("Congress did not enact Title III to protect every face-to-face conversation from interception."). For purposes of Title III, an "oral communication" is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 U.S.C. § 2510(2). Thus, a person engages in protected oral communication only if he exhibits "an expectation of privacy that is both subjectively and objectively reasonable." *Dorris v.*

*Absher,* 179 F.3d 420, 425 (6th Cir. 1999).  This assessment parallels the reasonable-expectation-of-privacy test articulated by Justice Harlan in *Katz,* 389 U.S. at 361 (Harlan, J., *concurring*); *United States v. Biasucci*, 786 F.2d 504, 510 (2d Cir. 1986) ("[W]hen Congress passed Title III, . . . there is abundant evidence that it specifically intended to adopt the constitutional guidelines announced in . . . *Katz*."); *Tancredi v. Malfitano*, 567 F. Supp. 2d 506, 513 (2008) ("In considering a Title III claim the inquiry is therefore the same as that for a Fourth Amendment claim, whether the subjective expectation of privacy violated by the allegedly illegal intrusion is one society is prepared to recognize as justifiable."  (citation and quotation omitted)).

Plaintiff's wrongful interception claims under Section 2511 fail for the same reasons that he fails to state a claim for a violation of his rights under the Fourth Amendment.  Based on the facts alleged in the second amended complaint, Plaintiff was not justified in believing that he had an expectation of privacy in a common shared elevator where he was aware of being recorded. The fact that Plaintiff assumed that the video recording lacked audio does not alter this result. Because Plaintiff did not have a reasonable expectation of privacy, his statements are not oral communications within the meaning of 28 U.S.C. § 2510(2).  Plaintiff thus fails to state a claim on which relief can be granted for a violation of his rights under Section 2511.  *See* § 1915(e)(2)(B)(ii).

**C.    State law claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

7

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to Amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend and has not cured the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Because Plaintiff cannot cure the defects in his amended complaint with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of his state law claims.  This decision does not limit Plaintiff's right to raise any of the arguments he may wish to raise in State court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    June 3, 2026
          New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

9